William E. Weinberger SBN 102581
Nadine Shu Rong Tan SBN 307517
PARKER, MILLIKEN, CLARK,
    O'HARA & SAMUELIAN, A Prof. Corp.
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:  (213) 683-6500
Facsimile:   (213) 683-6669
wweinberger@pmcos.com

Attorney for Appellee Majestic Air and
Hiongbo Cue, Special Administrator of Estate
of Deceased Appellee Tessie Cue

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MAJESTIC AIR,<br><br>　　　　Debtor.<br><br>LUFTHANSA TECHNIK PHILIPPINES, INC., a joint venture,<br><br>　　　　Appellant.<br><br>　　v.<br><br>MAJESTIC AIR, a California corporation; TESSIE CUE, an individual,<br><br>　　　　Appellees. | Case No.  2:19-cv-08674-JAK<br>[Ctrm. 10B; Hon. John A. Kronstadt]<br><br>[On Appeal from the U.S. Bankruptcy Ct. (C.D.Cal.) Case No. 1:16-bk-11538-GM; Adversary Case No. 1:18-ap-01133-GM]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY HIONGBO CUE, SPECIAL ADMINISTRATOR OF ESTATE OF DECEASED APPELLEE TESSIE CUE, FOR SUBSTITUTION OF PARTY PURSUANT TO FRCP 25, FRBP 7025, AND FRBP 8013<br><br>[Filed Concurrently with Notice of Motion; Declarations of Hiongbo Cue and William E. Weinberger; [Proposed] Order]<br><br>Date:　　July 13, 2020<br>Time:　　8:30 a.m.<br>Ctrm:　　10B |

## I.　　INTRODUCTION

By this motion for substitution of party, Hiongbo Cue ("Mr. Cue"), as Special Administrator of the estate of Tessie Cue ("Ms. Cue"), and upon his anticipated appointment as executor of that estate on or about July 31, 2020, seeks to substitute in as appellee for Ms. Cue.  As explained below, Rule 25 of the

1  Federal Rules of Civil Procedure, made applicable to this Court by Rule 7025 of the
2  Federal Rules of Bankruptcy Procedure, supports an order substituting him as the
3  representative of Ms. Cue's estate.  The motion should be granted.

4  **II.    Procedural Background**

5  This appeal by appellant Lufthansa Technik Philippines, Inc. ("LTP"), filed
6  October 8, 2019, is from an order entered in the Bankruptcy Court adversary
7  proceeding, in which the Bankruptcy Court sustained the objection by appellees
8  Majestic Air ("Majestic") and Ms. Cue to the portion of LTP's proof of claim that
9  sought recovery for the value of aircraft parts consigned and delivered to Majestic.
10 [ECF No. 6 (LTP's Amended Notice of Appeal and Statement of Election).]

11 After the notice of appeal was filed, appellee Ms. Cue died testate, on
12 January 24, 2020.  A true and correct copy of the Notice and Suggestion of Death
13 of Party [ECF No. 17], filed February 4, 2020 by Majestic, is attached as Exhibit 1
14 to the concurrently filed Declaration of Hiongbo Cue.

15 **III.   As personal representative of Tessie Cue's estate, Hiongbo Cue is**
16 **entitled to be substituted in as appellee in this appeal.**

17 Ms. Cue's objection to the aircraft parts-related portion of LTP's proof of
18 claim, as pleaded in the adversary proceeding, survives her death.  Whether a claim
19 survives after death is governed by state law for claims arising under state law and
20 governed by federal law with regard to claims under federal law.  *In re Eads*, 135
21 B.R. 380, 385 (Bankr. E.D.Cal. 1991).  Ms. Cue filed an objection to LTP's proof
22 of claim as a creditor of Majestic.  11 U.S.C. § 502(a).  Her proof of claim seeks
23 recovery from Majestic for amounts she incurred in paying for Majestic's defense
24 in and settling a case filed by Ansett Aircraft Spares & Services, Inc. against
25 Majestic and Ms. Cue.  (Decl. of William E. Weinberger ¶ 2 & Exh. 1.)  That claim
26 is based upon state law.  *E.g., Western Steamship Lines, Inc. v. San Pedro*
27 *Peninsula Hospital*, 8 Cal.4th 100, 107-10 (1994).  Likewise, the objections to
28 / / /

1  LTP's proof of claim are based upon state law, in particular, res judicata.
2  (Appellee's Opening Brief at 11-29 [ECF 14] at 11-29.)

3  Under California law, "Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20. To the extent that, as an objection to a proof of claim pursuant to section 502(a) of the Bankruptcy Code, survival of the objection is governed by federal law, the result is no different; the claim survives. *See In re Eads*, 135 B.R. at 395-86 (under federal common law, causes of action based on "remedial statutes" survive death; modern trend favors survival).

On March 27, 2020, an Order Appointing Special Administrator ("Special Administrator Order") was issued by and filed in the Superior Court of California, County of Los Angeles, appointing Mr. Cue as Special Administrator of the estate of Ms. Cue, with limited powers. Those powers include "the authority to act on behalf of the decedent's interest in the following Court proceedings: [¶] *In re Majestic Air, Inc.; Majestic Air, Tessie Cue v. Lufthansa Technik Philippines*, United States District Court (C.D. California) Case No. 2:19-cv-08674-JAK." A true and correct copy of this Order is attached as Exhibit 3 to the Declaration of William E. Weinberger.

This Order was entered based upon an ex parte Petition filed on March 25, 2020, on behalf of Mr. Cue. Mr. Cue filed the ex parte Petition after a March 20, 2020 hearing on his Petition for Probate of Will and Letters Testamentary ("Probate Petition"), which had been filed on February 19, 2020, and which requests that he be appointed as executor of Ms. Cue's estate, was continued by the Los Angeles Superior Court to May 8, 2020, as a result of the disruption of court operations due to the COVID-19 pandemic. (Weinberger Decl. ¶ 3.)

///
///

The Calendar Notes regarding the Probate Petition, issued before the March 20, 2020 hearing date, recommended approval. (Weinberger Decl. ¶ 4 & Exh. 2.)

At the same time that the L.A. Superior Court issued the Special Administrator Order, it further continued the hearing on the Probate Petition to July 31, 2020. (Weinberger Decl. ¶ 6.) The Superior Court also issued Letters of Special Administration, confirming Mr. Cue's powers as Special Administrator of his late wife's estate. (Weinberger Decl. ¶ 7 & Exh. 4.)

In his capacity as Special Administrator of the estate of Tessie Cue and in accordance with the authority granted him by the Special Administrator Order, Mr. Cue seeks to be substituted in as appellee in this appeal. A motion to substitute him as appellee is authorized by Rule 25(a) of the Federal Rules of Civil Procedure, which provides: "A motion for substitution may be made by any party or by the decedent's successor or representative." *El Bey v. Accredited Home Lenders Inc.*, Case No. CV 17-02237 KJM CKD (PS), 2018 WL2199966, at *1 (E.D. Cal. May 14, 2018) ("motion for substitution may be filed by the appointed executor or administrator of plaintiff's estate") (citation omitted).

Rule 7025 of the Federal Rules of Bankruptcy Procedure makes Rule 25(a) applicable to adversary proceedings, such as the proceeding from which this appeal was taken.[1]

As Special Administrator, Mr. Cue is the representative of Ms. Cue's estate, authorized by the L.A. Superior Court's Order to proceed on behalf of the estate in this appeal, once this Court has granted the motion for substitution. *Miller v Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal.App.4th

---

[1] Additionally, this motion is made pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, which governs motions filed in appeals from the bankruptcy court to the district court.

1331, 1340 & fn.2 (2008) ("'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate"); *see* Cal. Prob. Code § 9820; Cal. Prob. Code § 8545 ("court may grant a special administrator the same powers, duties, and obligations as a general personal representative where to do so appears proper").

Mr. Cue further requests that, upon his subsequent appointment by the L.A. Superior Court as executor of the estate of Tessie Cue, he be authorized to substitute in as appellee in that capacity. After the July 31, 2020 hearing on the Probate Petition, Mr. Cue will submit a conformed copy of the Order so appointing him with this Court. In the unlikely event that the L.A. Superior Court does not grant the Probate Petition and appoint Mr. Cue as executor, Mr. Cue will submit that order with this Court, and then suggest that the Court issue an order to show cause regarding representation of the interests of the estate of Tessie Cue in the appeal.

**IV.   Conclusion**

For the reasons explained above, the motion of Hiongbo Cue for an order substituting him, in his capacity as Special Administrator of the estate of Tessie Cue, as appellee in this appeal, and, upon subsequent entry of an order by the L.A. Superior Court appointing him as executor of the estate of Tessie Cue, substituting him as appellee in that capacity, should be granted.

DATED: April 6, 2020        Respectfully submitted,

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, A Prof. Corp.

By: */s/ Nadine Shu Rong Tan*
William E. Weinberger
Nadine Shu Rong Tan
Attorney for Appellee Majestic Air and Hiongbo Cue, Special Administrator of Estate of Deceased Appellee Tessie Cue

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the accompanying documents authorized by Fed. R. Bankr. P. 8015(a)(2)(C), this document contains 1270 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2015 in size 14 Times New Roman font.

*/s/ Nadine Shu Rong Tan*
Signature

April 6, 2020
Date

Print name of person signing certificate of compliance:

Nadine Shu Rong Tan, Esq.

# CERTIFICATE OF SERVICE

*In re: Majestic Air, Inc.*
*Lufthansa Technik Philippines, Inc., Appellant*
*v Majestic Air, Inc., Tessie Cute, Appellees*
*USDC – (Western Division – Los Angeles) Case No. 2:19-cv-08674-JAK*

I hereby certify that on April 6, 2020, I served the following document(s) entitled:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY HIONGBO CUE, SPECIAL ADMINISTRATOR OF ESTATE OF DECEASED APPELLEE TESSIE CUE, FOR SUBSTITUTION OF PARTY PURSUANT TO FRCP 25, FRBP 7025, AND FRBP 8013

which was electronically transmitted to the Clerk of the Court using CM/ECF System which will send a Notice of Electronic Filing to the following CM/ECF registrants:

- Dawn M. Coulson
  dcoulson@eppscoulson.com; cmadero@eppscoulson.com; rjenkins@eppscoulson.com; clerk@eppscoulson.com

- Gabriel Michael Courey
  gcourey@eppscoulson.com

- Scott D. Cunningham
  scunningham@condonlaw.com; epatmore@condonlaw.com

- Stella Anne Havkin
  stella@havkinandshrago.com; havkinlaw@earthlink.net

- Andrew C. Johnson
  ajohnson@condonlaw.com; chunt@condonlaw.com

- William E. Weinberger
  wweinberger@pmcos.com

- Nadine Shu Rong Tan
  ntan@pmcos.com; jknowles@pmcos.com; mbyrnes@pmcos.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 6, 2020, at Los Angeles, California.

                                          */s/ Nadine Shu Rong Tan*
                                          Nadine Shu Rong Tan

4815-3357-6889